**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

MARCUS QUINTELLE BENFORD, #018887
ROBERT ELLIS POWER, #031411
YU'KEBBA DONLE WASHINGTON, #050310                    PLAINTIFFS

VERSUS                         CIVIL ACTION NO. 3:09-cv-785-WHB-LRA

MADISON COUNTY BOARD OF SUPERVISORS, et al.           DEFENDANTS

### ORDER REQUIRING SEPARATE COMPLAINTS

BEFORE THE COURT is Plaintiffs' Complaint filed on December 28, 2009, under Title 42 U.S.C. § 1983. These three Plaintiffs, inmates of the Madison County Detention Center, filed a joint complaint alleging violations of their civil rights. Each Plaintiff completed a separate application to proceed *in forma pauperis*. The Court is of the opinion that Plaintiffs must file separate Complaints for the reasons set forth below.

It is well settled that "a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted); *see also Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986). "[L]ike all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of [his] personal rights." *Coon*, 780 F.2d at 1160-61 (citations omitted). Meritorious claims may be obscured by the frivolous. Moreover, multi-plaintiff prisoner complaints present a variety of administrative and logistical problems not associated with other civil actions.

After the enactment of the Prison Litigation Reform Act of 1996, the Court implemented a number of procedures that facilitate the prison litigation process. If the Court were to permit multi-

plaintiff prisoner complaints, however, such a practice would render those court procedures inefficient. For example, prisoner plaintiffs who have, on three or more prior occasions, brought frivolous or malicious complaints or complaints which failed to state a claim, may not proceed *in forma pauperis*.[1]

With these concerns in mind, and with the objective of achieving judicial economy and maintaining efficient control of its docket, the Court finds it appropriate to sever the instant matter into individual actions, one for each named Plaintiff. The present case, civil action number 3:09-cv-785-WHB-LRA, will be dismissed without prejudice.

The Clerk of the Court will be directed to assign a new case number to each individual Plaintiff. The Clerk of the Court shall be directed to file the present Complaint, application to proceed *in forma pauperis* and any other documents, including this Order in each new case with a file date of today's date. The newly-assigned case number shall be placed upon the copy of the present Complaint and other documents and they shall serve as the original documents in the severed action. In the event the Court finds that common questions of law or fact exist in separate cases, the Court may then order that those cases be consolidated, as provided for in the Federal Rules of Civil Procedure.

Upon assignment of individual case numbers and creation of individual cases, the Court will issue further Orders in each case after conducting its review pursuant to 28 U.S.C. § 1915.

IT IS THEREFORE ORDERED:

(1) That civil action number 3:09-cv-785-WHB-LRA shall be severed into three individual actions, one for each named Plaintiff;

---

[1] 28 U.S.C. § 1915(g)

(2) That the severed cases shall be captioned as follows:

>   Marcus Quintelle Benford v. Madison County Board of Supervisors, et al.
>   Robert Ellis Power v. Madison County Board of Supervisors, et al.
>   Yu'Kebba Donle Washington v. Madison County Board of Supervisors, et al.

(3) That the Clerk of the Court is directed to assign individual civil action numbers to each of the severed cases and notify Plaintiffs, in writing, of the new civil action numbers;

(4) That the Clerk of the Court is directed to file the Complaint and other documents from civil action number 3:09-cv-785-WHB-LRA including this Order, in each newly-created file with a file date of today's date; and

(5) That the Complaint and action in civil action number 3:09-cv-785-WHB-LRA is dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 15th day of January, 2010.

                          S/William H. Barbour, Jr.
                       UNITED STATES DISTRICT JUDGE